ORDERED.

Dated: April 12, 2016

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| JANET FOWLER, ) | Case No. 6:14-bk-02625-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

**MEMORANDUM OPINION**
**SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTIONS**

The Chapter 7 Trustee objects to the Debtor's claimed homestead exemption of two separate houses—one used by the Debtor, the other by her adult daughter.[1] The objection is sustained because the Debtor cannot claim two separate residences as her homestead.

The parties have stipulated to the undisputed facts.[2] Debtor's property is subdivided into two separate parcels—one parcel is the site of the Debtor's home;[3] the Debtor's adult daughter lives in a separate house on the second parcel (the "Second Parcel").[4]  The parcels are within the city limits of a municipality, next to one another, contiguous, and together comprise less than one

---

[1] Doc. No. 60.  Trustee also filed a memorandum of law in support of his objection (Doc. No. 63).
[2] Doc. No. 64.
[3] 1149 Saturn Street, Palm Bay, Florida 32909.
[4] 1143 Saturn Street, Palm Bay, Florida 32909.

half acre.[5] The parcels each have one residence, a separate driveway, mailing address, lot number, and parcel identification number.[6] The only element of commonality is a shared backyard enclosed with a continuous fence. Debtor does not use the Second Parcel for business; it generates no income because the adult daughter pays no rent.[7] Nor does anything in the record indicate the Debtor has any support obligation to her daughter. She just allows her to live in the home on the Second Parcel for free. Debtor has resided in Florida for over two years[8] and may claim Florida homestead exemptions.[9] Trustee must establish, by a preponderance of the evidence, that the Debtor is not entitled to the homestead exemption.[10]

The Debtor claims these two adjoining parcels are exempt under the Florida Constitution because they are contiguous, within a municipality, and together comprise less than one half acre.[11] Debtor argues the homestead exemption applies because the property is used by the Debtor's family and not for business purposes.[12] Trustee objects to the Debtor's homestead exemption primarily because the Debtor's home is a separate structure on a separate parcel with another address than the home occupied by the Debtor's adult daughter. For all legal purposes, it is a separate and distinct residence from the Debtor's home, and cannot qualify for the Florida homestead exemption.[13] The Court agrees.

The Florida constitutional homestead exemption provides that a Debtor may exempt:

---

[5] Doc. No. 64.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *In re Ballato*, 318 B.R. 205, 209 (Bankr. M.D. Fla. 2004) ("'[A]ny challenge to the homestead exemption claim places a burden on the objecting party to make a strong showing that the Debtor is not entitled to the claimed exemption.'") (quoting *In re Harrison*, 236 B.R. 788, 789-90 (Bankr. M.D. Fla. 1999)).
[11] Fla. Const. art. X, § 4(a)(1). Debtor filed a Memorandum of Law in support of her position (Doc. No. 67).
[12] *In re Bornstein*, 335 B.R. 462, 465 (Bankr. M.D. Fla. 2005) ("Several Florida bankruptcy courts have examined the extent to which Florida's constitutional exemption applies to protect a dwelling structure, such as a duplex or an apartment building, in which a debtor resides and also rents space to third parties, from claims of creditors or a trustee in bankruptcy. The majority concluded that a debtor is entitled to an exemption only for his or her residence and not for any rented portion of the structure.")
[13] Doc. No. 63.

> [A] homestead, if located…within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family.[14]

This exemption should be construed liberally.[15] Courts have extended the homestead exemption to include an apartment located over a garage,[16] a guest house connected to a primary residence by a patio,[17] and a vacant adjacent lot.[18] In each case, the owner used the included apartment, guest house, or vacant lot.

But the Florida homestead exemption is still limited to the *residence* of the owner or the owner's family.[19] Debtor here does not reside in, occupy, or use the neighboring house on the Second Parcel. Today, she allows her adult daughter to live in the house for free. Tomorrow, she easily could rent the home to a third party. The fact the two houses share a backyard does not determine the Debtor's use and non-residency of the adjacent home.

Nor does the fact that the Debtor's adult daughter lives in the home justify the extension of the homestead exemption. Debtor has no legal obligation to support her daughter. She is an adult. "For purposes of the homestead exemption, the test for family is: '(1) A legal duty to maintain arising out of the relationship, and (2) a continuing communal living by at least two

---

[14] Fla. Const. art. X, § 4.

[15] *In re Lloyd*, 394 B.R. 605, 610 (Bankr. S.D. Fla. 2008) ("It is settled law in Florida that the constitutional homestead exemption 'should be liberally construed in favor of the party claiming the exemption and that the exemption's purpose is to protect and foster the family home.'") (quoting *In re Goode*, 146 B.R. 860, 862 (Bankr. M.D. Fla. 1992)).

[16] *White v. Posick*, 150 So. 2d 263, 265 (Fla. 2d Dist. Ct. App. 1963) ("In the present case the garage apartment to the rear of the dwelling house was utilized and the pool and patio were conventional residential appurtenances-all well within the ambit of the Constitution. Plaintiff has cited no decision where any room, patio, porch, swimming pool or similar integral appurtenance has been ordered severed from exempt property, and our own research has failed to reveal any such decision."); *But see In re Dudeney*, 159 B.R. 1003, 1006 (Bankr. S.D. Fla. 1993) (*"*In another bench ruling, this Court denied homestead status to a detached garage apartment on property that could not be subdivided.").

[17] *In re Ensenat*, No. 06-15979 BKCLMI, 2007 WL 2029332, at *1 (Bankr. S.D. Fla. May 24, 2007) ("There are two buildings located on the property. One is the home in which the Debtors actually live; the second building, which has two bedrooms and one bath, is connected to the 'main house' by a covered patio. The second building also has a living room, a kitchen and separate gated entrance. The second building is separately metered by the power company and has its own water supply. The Residence is listed as a multifamily duplex. … The second building is currently occupied by [the Debtor's] niece.").

[18] *In re Mohammed*, 376 B.R. at 40-41.

[19] Fla. Const. art. X., § 4(a)(1).

individuals under circumstances where one is regarded as the person in charge.'… Under this test, 'the head of the family must not only be obligated to, but must actually support such dependents.' … A parent's legal duty to support a child ends when the child reaches the age of majority unless the child is physically or mentally disabled."[20]  Just as Bankruptcy Judge Isicoff held in *Wilson* that an adult son living in a building also housing a nightclub and the Debtor's apartment did not justify homestead status for the son's room, the residence of the Debtor's adult daughter in a separate home with a separate address and driveway creates no homestead exemption to the Second Parcel for the Debtor.[21]

The Debtor is not entitled to exempt the Second Parcel under the Florida constitutional homestead exemption. The Second Parcel has its own address, house, and driveway and is not used by the Debtor as her residence.  So, even though it is contiguous to the Debtor's home, the two parcels are not used in connection with one another.

Trustee's objection is sustained.  Debtor may claim the homestead exemption only for her primary residence.  The Trustee may administer the Second Parcel in the normal course of his administration.  A separate order consistent with this Memorandum Opinion shall be entered.

### 

The Trustee is directed to serve a copy of this order on all interested parties.

---

[20] *In re Wilson*, 393 B.R. 778, 783 (Bankr. S.D. Fla. 2008) (internal citations omitted). In the *Wilson* case, Judge Isicoff held that a room in which the Debtor's adult son lived in a building that housed a nightclub and separate apartment in which the Debtor lived was not part of the Debtor's homestead. *Id.*
[21] *Id.*